**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed December 8, 2011.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

————————

## NO. 14-11-00883-CV

————————

### IN RE KOMATSU AMERICA CORPORATION, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-77680**

---

## M E M O R A N D U M   O P I N I O N

In this original proceeding, relator, Komatsu America Corporation ("Komatsu"), seeks a writ of mandamus ordering the respondent, The Honorable Josefina M. Rendon, Judge of the 165th District Court, Harris County, Texas, to set aside her orders dated September 30, 2011, entered in trial court cause number 2010-77680, styled *Mario Salinas, et al v, Dorsett Bros. Concrete Supply, Inc., et al*. We conditionally grant the writ.

The petition seeks to have two discovery orders signed September 30, 2011, vacated because the trial court abused its discretion in compelling production. The first order grants "Plaintiffs' Motion to Compel Defendant Komatsu America Corp.'s Answer and Responses to Plaintiffs' Third Set of Written Interrogatories and Third Request for Production of Documents." The second order grants "Plaintiffs' Motion to Compel

Defendant Komatsu America Corp.'s Answer and Responses to Plaintiffs' Fourth Set of Written Interrogatories and Fourth Request for Production of Documents."

Komatsu first claims the trial court abused its discretion in ordering production of documents that are not in its possession, custody or control. *See* Tex. R. Civ. P. 192.7(b). Komatsu further claims the discovery requests are impermissibly overbroad. Specifically, Komatsu complains of (1) request for production No. 1 and 2 of the Third Set; (2) request for production No. 1 of the Fourth Set; and (3) Interrogatory No. 1 of the Third Set.

The Real Parties in Interest ("Plaintiffs") make no argument to deny the petition on its merits. Rather, plaintiffs have sought to have this court dismiss the petition as moot. Plaintiffs have filed a motion to withdraw discovery in the trial court that moves to withdraw the Third and Fourth Set of Interrogatories and Third and Fourth Request for Production. We agree with Komatsu that the petition is not moot because the trial court's order is still in effect, though currently stayed by our order of October 13, 2011.

However, plaintiffs have clearly demonstrated they no longer seek production of the discovery compelled by the trial court's orders of September 30, 2011. Therefore it would not serve the interests of justice or judicial economy to address the merits of the petition for writ of mandamus. Accordingly, in these unique circumstances, we conditionally grant the petition for a writ of mandamus and direct the trial court to vacate its orders of September 30, 2011.

The writ will issue only if the trial court fails to act in accordance with this opinion.

PER CURIAM

Panel consists of Justices Brown, Boyce, and McCally.

2